1

2

3

4

5

6

7

8           **UNITED STATES DISTRICT COURT**

9         **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   WADE GRANT, on behalf of himself, all            CASE NO. 10cv2471 WQH (BGS)
     other persons similarly situated and the
12   general public,                                  **ORDER OF REMAND**

13                               Plaintiff,

          vs.
14
     CAPITOL MANAGEMENT SERVICES,
15   L.P.,

16                               Defendant.

17

18   HAYES, Judge:

19          The matter before the Court is the Motion to Remand the Case to State Court filed by

20   Plaintiff.  (ECF No. 11).

21   **I.     Background**

22          On September 17, 2010, Plaintiff initiated this action by filing a Complaint in California

23   Superior Court for the County of San Diego.  (ECF No. 1 at 1).  On December 1, 2010,

24   Defendant Capitol Management Services, L.P., filed a Notice of Removal of Action Under

25   Class Action Fairness Act.  *Id.*

26          **A.     Allegations of the Complaint**

27          The Complaint asserts three claims: (1) Negligent Violations of the Telephone

28   Consumer Protection Act 47 U.S.C. § 227 et seq.; (2) Knowing and/or Willful Violations of

                                        - 1 -                          10cv2471 WQH (BGS)

1 the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.; and (3) Unlawful,

2 Fraudulent and Unfair Business Acts and Practices in Violation of California Business &

3 Professions Code § 17200 et seq.

4        Plaintiff Wade Grant is a California citizen. Defendant Capitol Management

5 Services, L.P. is a citizen of New York.

6        Plaintiff brings the Complaint on behalf of himself and "all other similarly situated

7 [individuals] defined as all persons within California who received any telephone call from

8 Defendant to said person's cellular telephone through the use of any automated telephone

9 dialing system or an artificial or prerecorded voice, within the four years prior to filing of

10 this Complaint." *Id*. at 8.

11        The Complaint seeks damages in the amount of $500 for each negligent violation of

12 the Telephone Consumer Protection Act and $1,500 for each knowing or willful violation

13 of the Telephone Consumer Protection Act. *Id.* at 13-14. The Complaint alleges that "[n]o

14 federal diversity jurisdiction exists between Plaintiff and Defendant because Plaintiff's

15 claim is less than $75,000 exclusive of attorney's' [fees] and interest." *Id*. at 7.

16        Plaintiff states that he "does not, as yet, know the exact size of the Class." *Id*. at 8.

17 Plaintiff alleges that based on the nature of Defendant business, "Plaintiff believes that

18 there are numerous Class members ...." *Id*. at 8-9.

19        **B.**      **Removal**

20        Defendant states in his Notice of Removal that the removal is pursuant to the Class

21 Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d)(2), 1332(d)(5) and 1453(a). *Id.* at 1.

22 Defendant alleges that "(1) Plaintiff's counsel has advised Defendant's counsel that the

23 combined claims exceed $5,000,000.00; (2) there are at least 100 class members; and (3)

24 class members are a citizen of a different state than Defendant." *Id*. at 2.

25        **C.**      **Motion to Remand**

26        Plaintiff contends that this case should be remanded because there is a presumption

27 against removal jurisdiction and Defendant has not satisfied its burden. Plaintiff contends

28 that Defendant has not submitted sufficient evidence to establish the requisite amount in

1 controversy and the requisite number of members in the class.

2     Defendant contends that the amount in controversy exceeds $5,000,000 because

3 Plaintiff seeks statutory damages for each phone call in the amount of at least $500 and

4 Capitol Management Services, L.P. has made over 10,000 calls to cell phones during the

5 relevant time period.  Defendant also contends that the proposed class exceeds 100

6 individuals because Capitol Management Services, L.P. has attempted to collect from over

7 1,000 individuals in California during the relevant time period.

8     Defendant submits the Declaration of Stephen Florczak, executive vice president of

9 information technology at Capitol Management Services, L.P., who states that Defendant

10 "employs computerized debt collection assistance and tracking software to manage its

11 collections." (ECF No. 12-2 at 2).  Florczak states in his Declaration that Defendant "trains

12 its collectors to input information into the computer database each time an action is taken

13 on an account, or a communication is attempted or occurs." *Id*.  Florczak states in his

14 Declaration that he performed searches of the systems and databases to determine the

15 answers to the following questions: "First, how many timed did [Capitol Management

16 Services, L.P.] dial numbers ostensibly assigned to cell phones in California between the

17 dates of September 17, 2006 and September 17, 2010? [and] Second, how many California

18 Debtors did [Capitol Management Services, L.P.] attempt to collect from over the past four

19 years?" (ECF No. 12-2 at 1-2).  Florczak states in his Declaration that "[b]etween

20 September 17, 2006 and September 17, 2010, [Capitol Management Services, L.P.] dialed

21 numbers believed to have been associated with cell phones in California more than 10,000

22 times." *Id*. at 3.  Florczak states in his Declaration that "[b]etween September 17, 2006 and

23 September 17, 2010, [Capitol Management Services, L.P.] dialed over 1,000 phone

24 numbers identified with a unique debtor residing in California." *Id.*; (ECF No. 14 at 2).

25     **D.**    **Discussion**

26     "A civil action in state court may be removed to federal district court if the district

27 court had 'original jurisdiction' over the matter." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479

28 F.3d 994, 997 (9th Cir. 2007) (quoting 28 U.S.C. § 1441(a)).  The Class Action Fairness

1  Act ("CAFA") vests district courts with "original jurisdiction of any civil action in which

2  the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest

3  and costs," and the aggregate number of proposed plaintiffs is 100 or greater, and any

4  member of the plaintiff class is a citizen of a state different from any defendant.  28 U.S.C.

5  § 1332(d).  "'[U]nder CAFA the burden of establishing removal jurisdiction remains, as

6  before, on the proponent of federal jurisdiction.'"  *Lowdermilk*, 479 F.3d at 997 (quoting

7  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam));

8  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

9      In determining whether the amount-in-controversy requirement is satisfied, the

10  appropriate procedure is as follows:

11          The district court may consider whether it is 'facially
apparent' from the complaint that the jurisdictional amount is in

12  controversy.  If not, the court may consider facts in the removal
petition, and may require parties to submit summary-judgment-type

13  evidence relevant to the amount in controversy at the time of
removal.

14
*Abrego Abrego*, 443 F.3d at 690 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116

15  F.3d 373, 377 (9th Cir. 1997); (citing *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th

16  Cir. 2005)).  When the plaintiff fails to plead a specific amount in damages and it is not

17  otherwise facially apparent that the jurisdictional amount is in controversy, "the defendant

18  seeking removal 'must prove by a preponderance of the evidence that the amount in

19  controversy requirement has been met.'"  *Lowdermilk*, 479 F.3d at 998 (quoting *Abrego*

20  *Abrego*, 443 F.3d at 683).  "[W]hen a state-court complaint affirmatively alleges that the

21  amount in controversy is less than the jurisdictional threshold, the 'party seeking removal

22  must prove with legal certainty that [Class Action Fairness Act's] jurisdictional amount is

23  met.'"  *Guglielmino*, 506 F.3d at 699 (quoting *Lowdermilk*, 479 F.3d at1000).

24      In this case, the amount in controversy is not facially apparent from the Complaint.

25  However, the Complaint does not affirmatively allege that the amount in controversy for

26  the proposed class is less than the Class Action Fairness Act jurisdictional threshold of

27  $5,000,000.00.  Thus, the issues before the Court is whether Defendant has satisfied its

28  burden of proving by a preponderance of the evidence that the amount in controversy

            10cv2471 WQH (BGS)

1  exceeds $5,000,000.00 and whether Defendant has satisfied its burden of proving by a

2  preponderance of the evidence that the putative class includes 100 or more persons.

3       The proposed class is comprised of individuals who received any call from

4  Defendant to their "cellular telephone through the use of any automated telephone dialing

5  system or an artificial or prerecorded voice...." (ECF No. 1 at 8).  With regard to the

6  amount in controversy, Defendant has submitted evidence that Capitol Management

7  Services, L.P. trains "its collectors" to input information into the "computerized debt

8  collection assistance and tracking software" whenever "a communication is attempted or

9  occurs." (ECF No. 12-2 at 2).  While Defendant has submitted evidence that Capitol

10  Management Services, L.P. has dialed over 10,000 phone numbers assigned to cell phones,

11  Defendant has not shown that those calls were made using an automated telephone dialing

12  system or an artificial or prerecorded voice.  (ECF No. 1 at 8).  With regard to the size of

13  the class, Defendant has submitted evidence that Capitol Management Services, L.P. has

14  dialed over 1,000 phone numbers identified with unique debtors in California.  However,

15  Defendant has not shown that 100 or more of those unique debtors were contacted on their

16  cell phone using an automated telephone dialing system or an artificial or prerecorded

17  voice.  After considering the allegations of the Complaint and the evidence submitted by

18  Defendant, the Court concludes that Defendant has failed to establish by a preponderance

19  of the evidence that plaintiff class members seek greater than $5,000,000.00 in this case

20  and that the total number of plaintiff class members equals 100 or more individuals.

21       **E.**    **Request for Attorney's Fees and Costs**

22       Plaintiff seeks an award of attorney's fees and costs in the amount of $12,235.00.

23  (ECF No. 11-1 at 11).  Plaintiff contends that the actual fees and costs incurred in preparing

24  the motion to remand is $20,860.00.  (ECF No. 11-2 at 2).  Defendant contends that there is

25  an objectively reasonable basis for removal; thus, attorney's fees and costs should not be

26  awarded.  28 U.S.C. § 1447 (c) provides: "An order remanding the case may require

27  payment of just costs and any actual expenses, including attorney fees, incurred as a result

28  of the removal."  "[T]he standard for awarding fees should turn on the reasonableness of

1  the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent

2  unusual circumstances, courts may award attorney's fees under §1447(c) only where the

3  removing party lacked an objectively reasonable basis for seeking removal.").  The Court

4  does not find that Defendant Capitol Management Services, L.P. lacked an objectively

5  reasonable basis for seeking removal.

6      **F.**      **Conclusion**

7      IT IS HEREBY ORDERED that the Motion to Remand the Case to State Court filed

8  by Plaintiff (ECF No. 11) is GRANTED.  Pursuant to 28 U.S.C. § 1447(c), this action is

9  REMANDED to the California Superior Court for the County of San Diego, where it was

10  originally filed and assigned Case No.3702010-00100521-CU-NP-CTL.  Plaintiff's request

11  for attorney's fees and costs is DENIED.

12  DATED:  April 11, 2011

13

  **WILLIAM Q. HAYES**

14  United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28