# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE GRANT, on behalf of himself, all other persons similarly situated and the general public,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>CAPITAL MANAGEMENT SERVICES, L.P.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 10cv2471 WQH (BGS)<br><br>**ORDER** |

HAYES, Judge:

　　The matter before the Court is the Application for Stay of the Order of Remand Pending Appeal filed by Defendant Capital Management Services, L.P. (ECF No. 22).

## BACKGROUND

　　On September 17, 2010, Plaintiff initiated this action by filing a Complaint in the Superior Court of California for the County of San Diego. (ECF No. 1 at 1). Plaintiff Wade Grant is a California citizen. Defendant Capital Management Services, L.P. is a citizen of New York. Plaintiff brings the Complaint on behalf of himself and "all other similarly situated [individuals] defined as all persons within California who received any telephone call from Defendant to said person's cellular telephone through the use of any automated telephone dialing system or an artificial or prerecorded voice, within the four years prior to filing of this

Complaint." *Id*. at 8.  The Complaint asserts three claims: (1) Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.; (2) Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.; and (3) Unlawful, Fraudulent and Unfair Business Acts and Practices in Violation of California Business & Professions Code § 17200 et seq.

On December 1, 2010, Defendant Capital Management Services, L.P., filed a Notice of Removal of Action Under Class Action Fairness Act.  (ECF No. 1).  On December 30, 2010, Plaintiff filed a Motion to Remand and on January 3, 2011, Plaintiff filed an Amended Motion to Remand.  (ECF Nos. 10-11).  On April 11, 2011, this Court issued an Order of Remand.  (ECF No. 16).

On April 22, 2011, the Court of Appeals for the Ninth Circuit acknowledged the receipt of Defendant's petition for permission to appeal.  (ECF No. 17).  On July 19, 2011, Defendant's petition for permission to appeal was granted.  (ECF No.18).  Defendant was ordered to perfect the appeal within fourteen days of the date of the order, and the Court of Appeals stated that all action on the appeal, including judgment, would be completed within sixty days.  *Id*. at 1-2.  On that same day, the Court of Appeals issued a Time Schedule Order which set July 29, 2011 as the date upon which briefs were due.  On August 8, 2011, the Court of Appeals issued an order stating that it would take the appeal under submission on August 29, 2011, without oral argument.

On August 11, 2011, Defendant filed an Ex Parte Application for Stay of the Order of Remand Pending Appeal.  (ECF No. 22).  Defendant moves the Court to re-open the case and stay the Order of Remand filed on April 11, 2011 until the Court of Appeals issues a decision on Defendant's appeal.  Defendant contends that it will suffer harm if it is forced to participate in discovery in state court while the appeal is pending.

On August 15, 2011, Plaintiff filed an Opposition.  (ECF No. 24).  Plaintiff contends that the parties have submitted their briefs on appeal and are awaiting an order.  Plaintiff contends that any effort spent on discovery will not be wasted because the same information would be discoverable regardless of whether the case proceeds in state or

federal court.

## DISCUSSION

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. American Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936). The use of this power requires exercise of sound discretion. *Id.* It is necessary to weigh competing interests of those that will be affected by the stay. *Id.* at 254- 255. *See CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962). These competing interests include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008). The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Ind. State Police Pension Trust v. Chrysler LLC,* __ U.S. __, 129 S. Ct. 2275, 2276 (2009).

In *Lafalier v. Cinnabar Service Co., Inc.*, Case No.10-CV-0005-CVE-TLW, 2010 WL 1816377 (N.D. Okla. Apr. 30, 2010), the district court found that "the mere fact that plaintiffs have served discovery requests on [defendant] does not show irreparable harm. If the Court had retained jurisdiction, plaintiffs could have served the same discovery requests and the fact that plaintiffs are attempting to conduct discovery in no way harms [defendant]." *Lafalier*, 2010 WL 1816377 at *2. However, the district court stayed the case pending appeal finding that it would "impose an unfair burden" on defendant to "be required to simultaneously respond to plaintiffs' discovery requests and pursue its request for appellate review of the Court's remand order." *Id*.

This case was remanded on April 11, 2011 and has since been proceeding with discovery in state court. Defendant sought this stay after the parties had completed their briefs regarding appellate review of the remand order and after the Court of Appeals had

1  issued an order stating that it would take the appeal under submission without oral
2  argument.  Therefore, Defendant is not required to simultaneously respond to discovery
3  requests and pursue its appeal.  The fact that discovery is proceeding in state court does not
4  show irreparable harm or prejudice to Defendant.  Discovery is available regardless of
5  whether this case proceeds in state or federal court.  The Court finds that the facts are
6  insufficient to show that a stay is justified in this case.

## CONCLUSION

IT IS HEREBY ORDERED that the Application for Stay of the Order of Remand Pending Appeal filed by Defendant Capital Management Services, L.P.  (ECF No. 22) is DENIED.

DATED:  August 19, 2011

**WILLIAM Q. HAYES**
United States District Judge