# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE GRANT, on behalf of himself, all other persons similarly situated and the general public,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br>CAPITAL MANAGEMENT SERVICES, L.P.,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 10cv2471 WQH (BGS)<br><br>ORDER |

HAYES, Judge:

　　The matters before the Court are the Motion to Compel Arbitration and Dismiss Case (ECF No. 35) filed by Defendant Capital Management Services, L.P. and the Motion for Rule 11 Sanctions (ECF No. 43) filed by Plaintiff Wade Grant.

**I.　Background**

　　On September 17, 2010, Plaintiff initiated this action by filing a Complaint in the Superior Court of California for the County of San Diego. (ECF No. 1 at 1). Plaintiff brings the Complaint on behalf of himself and "all other similarly situated [individuals] defined as all persons within California who received any telephone call from Defendant to said person's cellular telephone through the use of any automated telephone dialing system or an artificial or prerecorded voice, within the four years prior to filing of this Complaint." *Id.* at 8. The Complaint asserts three claims: (1) negligent violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.; (2) knowing and/or willful violations of the Telephone Consumer

1  Protection Act 47 U.S.C. § 227 et seq.; and (3) unlawful, fraudulent and unfair business acts
2  and practices in violation of California Business & Professions Code § 17200 et seq.
3        On December 1, 2010, Defendant filed a Notice of Removal of Action Under Class
4  Action Fairness Act. On December 7, 2010, Defendant filed an Answer.
5        On April 11, 2011, this Court issued an order of remand. Defendant appealed the
6  order of remand. On September 27, 2011, the Court of Appeals for the Ninth Circuit
7  reversed the order of remand.
8        On November 18, 2011, the Magistrate Judge held an early neutral evaluation
9  conference. On December 28, 2011, the parties filed a joint discovery plan. On January 6,
10 2012, the Magistrate Judge issued a case management conference order.
11       On January 20, 2012, Defendant filed the Motion to Compel Arbitration and
12 Dismiss Case. (ECF No. 35).
13       On March 6, 2012, Plaintiff filed the Motion for Rule 11 Sanctions. (ECF No. 43).

**II.  Discussion**

    **A.  Motion to Compel Arbitration**

16       Defendant seeks to compel arbitration of Plaintiff's claims on the grounds that a
17 master account agreement between Plaintiff and Washington Mutual Bank, as well as an
18 account disclosures and regulations which is incorporated into the master account
19 agreement, contain an arbitration provision. Defendant contends that "while [the language
20 of the arbitration provision could be interpreted to indicate that class actions will not be
21 arbitrated]... [that] is inconsistent with the intent of the parties expressed in the agreement,
22 the thrust of the surrounding language of the agreement, and the strong federal policy
23 favoring arbitration." (ECF No. 44 at 6). Defendant contends that it has standing to
24 enforce the master account agreement and the account disclosures and regulations on the
25 grounds that it acted as the agent for the successor in interest to Washington Mutual Bank
26 when it made the calls at issue to Plaintiff. Defendant contends that it sought arbitration
27 shortly after it became aware of the arbitration agreement between Plaintiff and
28 Washington Mutual Bank.

1    Plaintiff contends that the master account agreement expressly provides that some 2 claims will not be subject to arbitration.  Plaintiff contends that the account disclosure and 3 regulations document expressly exempts class action cases from the arbitration provision. 4 Plaintiff contends that the express language of the contracts define the contract terms and 5 that consideration of intent and policy is not necessary.  Plaintiff contends that Defendant 6 does not have standing to enforce a contractual provision between Plaintiff and Washington 7 Mutual Bank on the grounds that Defendant is an independent contractor, not an agent, for 8 any successor in interest to Washington Mutual Bank.  Plaintiff contends that Defendant 9 has waived its right to seek arbitration on the grounds that it has litigated this case for over 10 sixteen months.

11    The Federal Arbitration Act ("FAA") "was enacted ... in response to widespread 12 judicial hostility to arbitration agreements."  *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 13 1740, 1745 (2011) (citation omitted).  Section 2 of the FAA states: "A written provision in 14 any ... contract evidencing a transaction involving commerce to settle by arbitration a 15 controversy thereafter arising out of such contract or transaction ... shall be valid, 16 irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the 17 revocation of any contract."  9 U.S.C. § 2.  The Supreme Court has described Section 2 "as 18 reflecting both a liberal federal policy favoring arbitration and the fundamental principle 19 that arbitration is a matter of contract." *Concepcion*, 131 S. Ct. at 1745 (quotations 20 omitted).  "In line with these principles, courts must place arbitration agreements on an 21 equal footing with other contracts, and enforce them according to their terms." *Id*. at 1745- 22 46 (citations omitted).

23    "Because the FAA mandates that district courts *shall* direct the parties to proceed to 24 arbitration on issues as to which an arbitration agreement has been signed, the FAA limits 25 courts' involvement to determining (1) whether a valid agreement to arbitrate exists and, if 26 it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View* 27 *Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (emphasis in original; quotation omitted). 28 "If the response is affirmative on both counts, then the [FAA] requires the court to enforce

the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *see also* 9 U.S.C. § 4.

Defendant has submitted a copy of the master account agreement between Plaintiff and Washington Mutual Bank which states: "Most disputes arising under the Agreement related to accounts or services hereunder are subject to mandatory binding arbitration. Right to trial by a judge or jury are waived hereby."[1] (ECF No. 35-4 at 63). Defendant has submitted the account disclosures and regulations which states:

> We strive to remedy our customers' problems and disputes as we can.... We believe that the arbitration procedure described below has the potential to resolve any dispute between the Bank and our customers....
>
> The Bank and you elect to be bound by the Federal Arbitration Act. Except as set forth below, the parties must arbitrate any dispute or controversy concerning your deposit account and safebox relationships with us... including without limit debit/ATM cards, checks, ... or other related services, WHEN EITHER party requests that the matter be submitted to arbitration.... YOU AND WE ARE WAVING THE RIGHT TO HAVE OUR DISPUTE HEARD BEFORE A JUDGE OR JURY....
>
> Except as set forth below, a dispute involving one deposit account or safebox relationship, or two or more deposit account and/or safebox relationships with at least one common owner, is eligible for arbitration hereunder and, if arbitration is requested, will be decided under the Commercial Arbitration Rules.... Actions eligible for small claims court, class actions, or actions filed on behalf of the general public under applicable state statutes are not eligible for arbitration.

(ECF No. 35-4 at 70-71).

The master account agreement expressly provides that some claims are not subject to arbitration by stating that "*[m]ost disputes* arising under the Agreement ... are subject to mandatory binding arbitration." (ECF No. 35-4 at 63). The account disclosures and regulations expressly provide that: "Actions eligible for small claims court, *class actions*, or actions filed on behalf of the general public under applicable state statutes *are not eligible for arbitration*." *Id*. at 70. In this case, Plaintiff has filed class action claims.

---

[1] Plaintiff objects to Defendant's evidence on the grounds that it is not properly authenticated. The Court presumes the evidence is properly authenticated for purposes of this order.

Accordingly, the Complaint is not subject to arbitration under the express terms of the master account agreement and the account disclosures and regulations. The Motion to Compel Arbitration is DENIED.[2]

### B.     Motion for Sanctions

Plaintiff seeks sanctions pursuant to Federal Rule of Civil Procedure 11 on the grounds that the Motion to Compel arbitration was not warranted by existing law and was presented for the improper purpose of harassing Plaintiff, causing delay, or increasing costs.

Defendant contends that the Motion to Compel Arbitration is not frivolous. Defendant has submitted the Declaration of Andrew Steinheimer who states that the Motion to Compel Arbitration was not brought for any improper purpose.

Federal Rule of Civil Procedure 11 provides that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery....
>
> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation....

Fed. R. Civ. P. 11(b), 11(c).

The standard to determine whether Rule 11 has been violated is objective

---

[2] The Court does not reach the issue of whether Defendant has standing to enforce the master account agreement and the account disclosures and regulations because the Court has concluded that the master account agreement and the account disclosures and regulations do not compel arbitration of Plaintiff's Complaint.

reasonableness, or "reasonableness under the circumstances." Advisory Committee Notes to Fed. R. Civ. Proc. 11; *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 550-551, 111 S.Ct. 922, 933 (1991). The Ninth Circuit "recognize[s] that a motion to dismiss under rule 11 should not be frequently granted." *Rhinehart,* 638 F.2d at 1171. "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust v. A-C Company,* 859 F.2d 1336, 1345 (9th Cir. 1988).

Although the Motion to Compel Arbitration was not granted, the Court does not find that it warrants the extraordinary remedy of sanctions pursuant to Rule 11. The Motion for Rule 11 Sanctions is DENIED.

**III.  Conclusion**

IT IS HEREBY ORDERED that the Motion to Compel Arbitration and Dismiss Case (ECF No. 35) filed by Defendant Capital Management Services, L.P. and the Motion for Rule 11 Sanctions (ECF No. 43) filed by Plaintiff Wade Grant are DENIED.

DATED:  June 12, 2012

**WILLIAM Q. HAYES**
United States District Judge