# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE GRANT, on behalf of himself, all other persons similarly situated and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>CAPITAL MANAGEMENT SERVICES, L.P.,<br><br>Defendant. | CASE NO. 10-cv-2471-WQH (BGS)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the joint motion for approval of class action settlement. (ECF No. 111).

## BACKGROUND

On September 17, 2010, Plaintiff initiated this action by filing a complaint in the Superior Court of California for the County of San Diego. (ECF No. 1 at 1). Plaintiff brings the complaint on behalf of himself and "all other[] similarly situated [individuals] defined as all persons within California who received any telephone call from Defendant to said person's cellular telephone through the use of any automated telephone dialing system or an artificial or prerecorded voice, within the four years prior to filing of this Complaint." *Id.* at 8. The complaint asserts three claims: (1) negligent violations of the Telephone Consumer Protection Act ("TCPA"); (2) knowing and/or willful violations of the TCPA; and (3) unlawful, fraudulent, and unfair business acts and practices in violation of California Business & Professions Code. *Id.* at 6–8.

On November 20, 2012, Plaintiff filed a motion for class certification. (ECF No. 71). Subsequently, the parties agreed to stay the case and participate in mediation in an attempt to resolve the case. On June 11, 2013, the parties participated in mediation with the Hon. Howard Wiener (Ret.). During the mediation, the parties reached a settlement agreement. On August 15, 2013, the parties filed the joint motion for approval of class action settlement. (ECF No. 111).

**TERMS OF PROPOSED SETTLEMENT**

The proposed settlement class consists of "[a]ll persons within California who received any telephone call from Defendant to said person's cellular telephone through the use of any automatic dialing system or an artificial or prerecorded voice, within the four years prior to the filing of this Complaint." (ECF No. 111-3 at 2).

<u>Class Benefits</u>

Defendant agrees to a stipulated injunction for a period of 3 years. The terms of the injunction are:

> A. Defendant shall employ a cell phone identification program or service containing a wireless block identifier (i.e., database of numbers assigned to wireless devices) to enable Defendant to identify cell phone numbers to distinguish them from land [lines].
>
> B. Defendant agrees to refrain from placing calls using pre-recorded and/or artificial messages to numbers identified as cell phones, unless Defendant has a good faith belief that it possesses prior express consent to call the cell phone number from its client or direct consent from the debtor.

(ECF No. 111-3 at 3 (citing Exh. A, Settlement Agreement, §§ 2(A)–2(B))).

<u>Class Notice</u>

"As the class settlement provides for injunctive relief only and requires no release of rights by any class member, the Parties agree that no notice will be sent to any class member." *Id.* at 2 (citing Exh. A, Settlement Agreement, §1).

<u>Attorneys' Fees and Costs</u>

Defendant agrees to pay "Plaintiff's attorneys' fees and costs, in the amount of $475,000." *Id.* at 3 (citing Exh. A, Settlement Agreement, §3).

Incentive Award to Class Representative

Defendant agrees to pay an "incentive payment and/or damages to plaintiff Wade Grant, in the amount of $5,000." *Id.* (citing Exh. A, Settlement Agreement, §3).

## DISCUSSION

"Voluntary conciliation and settlement are the preferred means of dispute resolution in complex class action litigation." *Smith v. CRST Van Expedited, Inc.*, 10-CV-1116-IEG (WMC), 2013 WL 163293, at *2 (S.D. Cal. Jan. 4, 2013) (citing *Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)). "In a class action, however, any settlement must be approved by the court to ensure that class counsel and the named plaintiffs do not place their own interests above those of the absent class members." *Dennis v. Kellog Co.*, 697 F.3d 858, 861 (9th Cir. 2012); *see also* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class may be settled . . . only with the court's approval."). "[C]ourt approval of a class action settlement involves a two-step process—preliminary approval, followed by final approval of the settlement." *In re M.L. Stern Overtime Litig.*, 07-CV-0118-BTM (JMA), 2009 WL 995864, at *3 (S.D. Cal. Apr. 13, 2009) (citing MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.632 (2004)).

In this case, the Court is at the first step—preliminary approval. This "initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." *Officers for Justice*, 688 F.2d at 625. The "Court need not review the settlement in detail at this juncture; instead, preliminary approval is appropriate so long as the proposed settlement falls within the range of possible judicial approval." *In re M.L. Stern Overtime Litig.*, 2009 WL 995864, at *3 (internal quotation marks and citation omitted). However, even at this preliminary stage, "a district court may not simply rubber stamp stipulated settlements." *Kakani v. Oracle Corp.*, C 06-06493 WHA, 2007 WL 1793774, at *1 (N.D. Cal. June 19, 2007). In order to grant preliminary approval, the Court must "ratify both the propriety of the certification and the fairness of the settlement." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d

935, 946 (9th Cir. 2011).

Propriety of Certification

Plaintiff seeks certification of a settlement class under Federal Rule of Civil Procedure 23(b)(2). "A plaintiff seeking class certification must affirmatively demonstrate that it meets the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613–14 (1997). Rule 23(a) outlines four requirements: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). "In addition to these prerequisites, a plaintiff must satisfy one of the prongs of 23(b) in order to maintain a class action." *Goldkorn v. County of San Bernardino*, EDCV 06-707-VAP (OPx), 2012 WL 476279, at *4 (C.D. Cal. Feb. 13, 2012). "Where . . . a plaintiff moves for class certification under Rule 23(b)(2), the plaintiff must prove [that] the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Id.*; Fed. R. Civ. P. 23(b)(2).

A proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). This "does not mean that joinder must be impossible, but rather means only that the court must find that the difficulty or inconvenience of joining all members of the class makes class litigation desirable." *In re Itel Sec. Litig.*, 89 F.R.D. 104, 111 (N.D. Cal. 1981). "[T]he class need not be so ascertainable that every potential member can be identified at the commencement of the action. As long as the general outlines of the membership of the class are determinable at the outset of the litigation, a class will be deemed to exist." *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998). "Where the number of class members exceeds forty, and particularly where class members number in excess of one hundred, the numerosity requirement will generally be found to be met."
*In re Itel Sec. Litig.*, 89 F.R.D. at 111. In this case, "[w]hile the exact number of class members is undetermined, [Defendant] made approximately 70,000,000 calls

to California during the relevant time period." (ECF No. 111-1 at 10). The Court finds that "the difficulty or inconvenience of joining all members of the class makes class litigation desirable." *In re Itel. Sec. Litigation*, 89 F.R.D. at 111. The numerosity requirement has been satisfied.

A class has sufficient commonality if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 546 U.S. __, 131 S.Ct. 2541, 2551 (2011) (internal quotation marks and citation omitted). In this case, the questions of law or fact common to all the class members include: (1) whether the class member received a telephone call to the class member's cellular telephone from Defendant; (2) whether Defendant used an automated telephone dialing system in violation of the TCPA; (3) whether Defendant utilized a prerecorded or artificial device; and (4) whether Defendant had express consent to call the class member's cellular telephone. The commonality requirement has been satisfied.

The typicality requirement is met if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "For typicality to be met, named plaintiffs' claims need not be identical to those of the putative class members. Instead, plaintiffs' claims need only be 'reasonably coextensive with the claims of the putative class.'" *Johnson v. Shaffer*, 12-CV-1059 KJM AC, 2013 WL 5934156, at *11 (E.D. Cal. Nov. 1, 2013) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). In this case, Plaintiff and the class have been subjected to identical alleged violations of law by Defendant. The typicality requirement has been satisfied.

Adequacy of representation requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "In order for plaintiffs to adequately represent the putative class members, they must

demonstrate, first, that they do not possess any conflicts of interest with the class members and, second, that both plaintiffs and their counsel will work to 'prosecute the action vigorously' with respect to the entire class." *Johnson*, 2013 WL 5934156, at *12 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)). The adequacy requirement has been satisfied. The Court finds that the Rule 23(a) requirements have been met.

Under Rule 23(b)(2), Plaintiff must demonstrate that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) is satisfied where "[t]he injunctive relief sought by plaintiff[] would apply to the class as a whole" and "the claims in th[e] suit would not entitle named or unnamed class members to any form of individualized injunctive relief." *Johnson*, 2013 WL 5934156, at *13.

In this case, the terms of the injunction in the settlement provide that "Defendant shall employ a cell phone identification program or service containing a wireless block identifier . . . to enable Defendant to identify cell phone numbers to distinguish them from land [lines]." (ECF No. 111-3 at 3). The terms of the injunction state: "Defendant agrees to refrain from placing calls using pre-recorded and/or artificial messages to numbers identified as cell phones. *Id.* This injunctive relief sought by Plaintiff "appl[ies] to the class as a whole" and Plaintiff's claims do not "entitle named or unnamed class members to any form of individualized injunctive relief." *Johnson*, 2013 WL 5934156, at *13. The Court finds that the requirements of Rule 23(b)(2) have been met.

The Court grants certification of the proposed settlement class for settlement purposes under Rule 23(b)(2). The Court appoints Plaintiff Wade Grant as the class representative.

"A court that certifies a class must appoint class counsel." Fed. R. Civ. P.

23(g)(1).  "When [an] applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4). *Id.* Under Rule 23(g), "the Court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. . . . Finally, class counsel must fairly and adequately represent the interests of the class." *In re China Intelligent Lighting and Elec., Inc. Sec. Litig.*, CV 11-2768 PSG (SSx), 2013WL 5789237, at *3 (C.D. Cal. Oct. 25, 2013) (internal quotation marks and citation omitted); Fed. R. Civ. P. 23(g).

Plaintiff seeks appointment of Frantz Law Group, APLC, Adler Law Group, APLC, and Keegan & Baker, LLP as class counsel.  Proposed class counsel has investigated the facts available to counsel and the applicable law.  Proposed class counsel has experience in commercial class action litigation.  Proposed class counsel has worked together on other complex matters, including three class actions brought under the TCPA.  The Court appoints Frantz Law Group, APLC, Adler Law Group, APLC, and Keegan & Baker, LLP as class counsel.

Fairness of the Proposed Settlement

Rule 23(e) provides that a court may approve a settlement "only after a hearing and on finding that it is fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  The Court must "review[] the substance of the settlement . . . to ensure that it is 'fair, adequate, and free of collusion.'" *Lane v. Facebook*, 696 F.3d 811, 819 (9th Cir. 2012) (quoting *Hanlon*, 150 F.3d at 1027).  The Court is "not to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, nor is the proposed settlement to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Smith*, 2013 WL 163293, at *2 (internal quotation marks and citation

omitted). "In making this appraisal, courts have broad discretion to consider a range of factors such as [1] the strength of the plaintiff's case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a government participant; and [8] the reaction of the class members to the proposed settlement." *Id.* at *2–3 (internal quotation marks and citation omitted) (finding the proposed settlement "fair, adequate, and free of collusion" on the grounds that "the settlement is the product of arms-length negotiations by experienced counsel before a respected mediator, reached after and in light of years of litigation and ample discovery into the asserted claims"). "[T]he Court need not conduct a full settlement fairness appraisal before granting preliminary approval; rather the proposed settlement need only fall within 'the range of possible approval.'" *Dennis v. Kellogg, Co.*, 09-cv-1786-IEG(WMC), 2013 WL 1883071, at *4 (quoting *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 666 (E.D. Cal. 2008)). "Essentially, the court is only concerned with whether the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys." *Id.* (internal quotation marks and citation omitted).

In this case, the procedure for reaching the settlement was fair and reasonable and the settlement was the product of arms-length negotiations. *See Smith*, 2013 WL 163293, at *3. The settlement was reached with the assistance of Hon. Harold Wiener (Ret.). Although the settlement does not include monetary relief for the class, it stops Defendant's allegedly unlawful practices, bars Defendant from similar practices in the future, and does not prevent the class members from seeking legal recourse. *See Kim v. Space Pencil, Inc.*, C 11-03796 LB, 2012 WL 5948951, at *6 (N.D. Cal. Nov. 28, 2012) (granting final approval of settlement agreement under

which class members only received injunctive relief, but class members were not bound by settlement agreement). A significant amount of litigation and discovery has been undertaken in prosecuting this action. *See Smith*, 2013 WL 163293, at *3. Further litigation would bring additional uncertainty, risk, and expense to the class. Plaintiff's counsel is experienced in handling class actions and the types of claims asserted in this action and considers it to be in the best interests of the class to enter into this settlement agreement. The Court finds that the settlement "fall[s] within the range of possible approval." *Dennis*, 2013 WL 1883071, at *4 (internal quotation marks and citation omitted). The Court grants preliminary approval of the class settlement.

Notice

When a class is certified under Rule 23(b)(2) and only provides for injunctive relief, no notice of class certification is required. *Kim*, 2012 WL 5948951, at *4. When certifying a class under Rule 23(b)(2), "the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A). In this case, the costs of attempting to identify the class members to provide notice of certification appear prohibitive to settlement.

Generally, courts are required to "notice the class members of the proposed settlement." *In re M.L. Stern Overtime Litig.*, 2009 WL 995864, at *3. However, notice of class settlement under Rule 23 is only required if the settlement binds the class. Fed. R. Civ. P. 23(e)(1) ("The court must direct notice in a reasonable manner to all class members who would be bound by the proposal."). In this case, the settlement agreement does not bind the unnamed class members. Only Plaintiff Wade Grant is bound by the settlement agreement. The Court exercises its discretion and does not direct notice here because the settlement does not alter the unnamed class members' legal rights. *See Kim*, 2012 WL 5948951, at *4, 7.

**CONCLUSION**

IT IS HEREBY ORDERED that the joint motion for preliminary approval of class action settlement (ECF No. 111) is GRANTED. The settlement class is certified for settlement purposes only under Rule 23(b)(2). The Court appoints Plaintiff Wade Grant as class representative. The Court appoints Frantz Law Group, APLC, Adler Law Group, APLC, and Keegan & Baker, LLP as class counsel. A hearing shall be held before this Court on Friday, January 31, 2014 at 9:30 a.m. to determine whether the Court should grant final approval of the settlement and to determine the appropriateness of Plaintiffs' attorney's fees and costs and the incentive payment to the class representative. All papers in support of the final approval of the settlement shall be filed with the Court on or before January 20, 2014.

DATED: December 11, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge