James P. Frantz (CA SBN 87492)
**FRANTZ LAW GROUP, APLC**
402 W. Broadway, Suite 860
San Diego, CA 92101
T (619) 233-5945
F (619) 525-7672

Patrick N. Keegan (CA SBN 167698)
**KEEGAN & BAKER, LLP**
6870 Embarcadero Lane
Carlsbad, CA 92011
T (760) 929-9303
F (760) 929-9260

E. Elliot Adler (CA SBN 229030)
**ADLER LAW GROUP, APLC**
402 W. Broadway, Suite 860
San Diego, CA 92101
T (619) 531-8700
F (619) 342-9600

*Attorneys for Plaintiff Wade Grant and the Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE GRANT, on behalf of himself, and all other persons similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL MANAGEMENT SERVICES, L.P.,<br><br>Defendant. | **Case No.: 10-cv-2471 WQH (BGS)**<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPROVAL OF AN AWARD OF ATTORNEY'S FEES AND COSTS TO CLASS COUNSEL; AND AN INCENTIVE AWARD TO THE CLASS REPRESENTATIVE PLAINTIFF**<br><br>DATE:      January 31, 2014<br>TIME:       9:30AM<br>LOCATION: Courtroom 14B<br>JUDGE:     William Q. Hayes |

Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, Class Representative Plaintiff Wade Grant ("Plaintiff") respectfully submits this memorandum of points and authorities in support of his approval of an award of

attorney's fees and costs to Class Counsel, and a damages and/or an incentive award to the Plaintiff, to be paid directly by Defendant Capital Management Services, L.P. ("CMS" or "Defendant") pursuant to the parties' Settlement Agreement, (ECF No. 111-3). Accompanying this memorandum is the joint motion for final approval of the class action settlement, which was preliminarily approved by the Court. (ECF No. 117).

## I. BACKGROUND

On September 17, 2010, Plaintiff initiated this action by filing a complaint in the Superior Court of California for the County of San Diego. (ECF No. 1 at 1). Plaintiff brings the complaint on behalf of himself and "all other[] similarly situated [individuals] defined as all persons within California who received any telephone call from Defendant to said person's cellular telephone through the use of any automated telephone dialing system or an artificial or prerecorded voice, within the four years prior to filing of this Complaint." *Id.* at 8. The complaint asserts three claims: (1) negligent violations of the Telephone Consumer Protection Act ("TCPA"); (2) knowing and/or willful violations of the TCPA; and (3) unlawful, fraudulent, and unfair business acts and practices in violation of California Business & Professions Code. *Id.* at 6–8.

On November 20, 2012, Plaintiff filed a motion for class certification. (ECF No. 71). Subsequently, the Parties agreed to stay the case and participate in mediation in an attempt to resolve the case. On June 11, 2013, the Parties participated in mediation with the Hon. Howard Wiener (Ret.). During the mediation, the Parties reached a settlement agreement. On August 15, 2013, the Parties filed the joint motion for approval of class

action settlement. (ECF No. 111). On December 11, 2013, the Court granted the joint motion for approval of class action settlement by certifying the settlement class under Federal Rule of Civil Procedure 23(b)(2) and preliminary approved the settlement. (ECF No. 117).

## II. TERMS OF PROPOSED SETTLEMENT

The proposed settlement class consists of "[a]ll persons within California who received any telephone call from Defendant to said person's cellular telephone through the use of any automatic dialing system or an artificial or prerecorded voice, within the four years prior to the filing of this Complaint." (ECF No. 111-3 at 2).

<u>Class Benefits</u>

Defendant agrees to a stipulated injunction for a period of 3 years. The terms of the injunction are:

> A. Defendant shall employ a cell phone identification program or service containing a wireless block identifier (i.e., database of numbers assigned to wireless devices) to enable Defendant to identify cell phone numbers to distinguish them from land [lines].
>
> B. Defendant agrees to refrain from placing calls using pre-recorded and/or artificial messages to numbers identified as cell phones, unless Defendant has a good faith belief that it possesses prior express consent to call the cell phone number from its client or direct consent from the debtor.

(ECF No. 111-3 at 3 (citing Exh. A, Settlement Agreement, §§ 2(A)–2(B))). During the injunction period, Defendant also agrees to provide a declaration under the penalty of perjury to Class Counsel on a bi-yearly basis (every six months) confirming that

Defendant is complying with the injunction. (ECF No. 111-3 at 3 (citing Exh. A, Settlement Agreement, §§ 2(C))).

Class Notice

"As the class settlement provides for injunctive relief only and requires no release of rights by any class member, the Parties agree that no notice will be sent to any class member." *Id.* at 2 (citing Exh. A, Settlement Agreement, §1).

Attorneys' Fees and Costs

Defendant agrees to pay "Plaintiff's attorneys' fees and costs, in the amount of $475,000." *Id.* at 3 (citing Exh. A, Settlement Agreement, §3).

Incentive Award to Class Representative

Defendant agrees to pay an "incentive payment and/or damages to plaintiff Wade Grant, in the amount of $5,000." *Id.* (citing Exh. A, Settlement Agreement, §3).

## III. DISCUSSION

**A.     The Requested Award For Attorney's Fees & Costs Is Reasonable Under A Lodestar Method And Merits Approval.**

Rule 23(h) of the Federal Rules of Civil Procedure provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed.R.Civ.P. 23(h). "In employment, civil rights and other injunctive relief class actions, courts often use a lodestar calculation because there is no way to gauge the net value of the settlement or

any percentage thereof." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998); and *Kim v. Space Pencil, Inc.*, C 11-03796 LB, 2012 WL 5948951, at *7 (N.D. Cal. Nov. 28, 2012) (same) (awarding attorney's fees using the lodestar method in injunctive relief class action). The lodestar calculation begins with the multiplication of the number of hours reasonably expended by a reasonable hourly rate. *Hanlon v. Chrysler Corp.,* 150 F.3d at 1029; *Blum v. Stenson,* 465 U.S. 886, 897, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); and *Goldkorn v. County of San Bernardino*, EDCV 06-707-VAP (OPx), 2012 WL 476279, at *9 (C.D. Cal. Feb. 13, 2012) (approving an award of attorney's fees in a settlement granting injunctive and declaratory relief to the class without providing for a monetary award to the class). The resulting figure may be adjusted upward or downward to account for several factors including the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment. *Hanlon v. Chrysler Corp.,* 150 F.3d at 1029; and *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975). "The customary range for multipliers is between 1.0 and 4.0." *Kim*, 2012 WL 5948951, at *7 (citing *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1051 n. 6 (9th Cir.2002) (describing appendix to opinion, finding a range of multipliers in common fund cases "of 0.6–19.6, with most (20 of 24, or 83%) from 1.0–4.0 and a bare majority (13 of 24, or 54%) in the 1 .5–3.0 range")).

In *Kim*, the court awarded a 1.18 multiplier of plaintiffs' counsel's lodestar holding that,

> The determinative factor, however, is the benefit to the class. Here, the settlement prevents Defendant from engaging in the conduct that was the subject of the suit and does not bind the class members. This unmitigated benefit to the class justifies the requested fee award and multiplier.

*Kim*, 2012 WL 5948951, at \*7.

Identically here, the Settlement prevents CMS from engaging in the conduct that was the subject of the suit and does not bind the class members. This unmitigated benefit to the class justifies the Class Counsel's requested fee award <u>without a multiplier</u>.

Here, the Settlement Agreement provides the monetary payment for "Plaintiff's attorneys' fees and costs, in the amount of $475,000." (ECF No. 111-3 at 3 (citing Exh. A, Settlement Agreement, §3)). Class Counsel have met their burden to "submit[] evidence supporting the hours worked and the rates claimed" by filing with their declarations time records listing the hours worked by each individual at each firm and identifying the general subject matter of those individuals' time expenditures. *Goldkorn*, 2012 WL 476279, at \*9; (Frantz Decl., ¶¶12 & Exhibit A (calculating a lodestar of $266,305.75); Adler Decl., ¶¶21-23 & Exhibit A (calculating a lodestar of $214,882.50); and Keegan Decl., ¶¶7-9 & Exhibit A (calculating a lodestar of $113,111.75). Class Counsel's aggregate lodestar of $594,300.00 includes time billed for drafting pleadings, motions, discovery, and settlement documentation, reviewing documents and researching legal authorities, preparation for and participation at meetings, court appearances, and mediation sessions (including time spent analyzing

and computing class data, researching and drafting the mediation brief, and attending mediation sessions), and communications (telephone conference, correspondence, meetings, e-mails, etc.) with Plaintiff, experts, witnesses, CMS' attorneys and the Court's clerk.  (*Id.*).  Further, Class Counsel's rates in calculating the lodestar are the same rates charged to non-contingent hourly clients and thus necessarily reflect the current market value of Settlement Class Counsel's legal services.[1] (Frantz Decl., ¶12; Keegan Decl., ¶8; and Adler Decl., ¶21).  In addition, Class Counsel's hourly rates are fully supported by their experience and reputation in handling complex litigation, and are commensurate with the prevailing market rates in the San Diego County Areas for attorneys of comparable experience and skill handling complex litigation.  (Frantz Decl., ¶12; Keegan Decl., ¶8-9; and Adler Decl., ¶21). Furthermore, Class Counsel's non-contingent hourly rates are considerably lower than the prevailing market rates in California *four years ago*, including San Diego County and its surrounding areas, for attorneys of comparable experience and skill handling complex litigation.  (Keegan Decl., ¶¶8-9).  Though Class Counsel in this case could, like in *Kim,* readily justify the application of a multiplier to their lodestar based on the *Kerr* factors, the requested fee is merely approximately eighty percent (80%) of their aggregate lodestar, and there is a strong presumption that Class Counsel's lodestar figure represents a reasonable fee. *Goldkorn*, 2012 WL 476279, at *9 (citing *Jordan v. Multnomah Cnty.,* 815 F.2d 1258,

---

1 Use of current rates is proper since such rates more adequately compensate for inflation and loss of uses of funds. *Missouri v. Jenkins*, 491 U.S. 274, 283-85 (1989).

1262 (9th Cir.1987). Accordingly, Class Counsel respectfully requests that the Court approve their request for attorney's fees in the total amount of $468,719.84.

### 1. The Request For Reimbursement Reasonable Out-Of-Pocket Costs Merits Approval.

Class counsel are also entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ.P. 23(h); *see Harris v. Marhoefer,* 24 F.3d 16, 19 (9th Cir.1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters.); *Van Vranken v. Atl. Richfield Co.,* 901 F.Supp. 294, 299 (N.D.Cal.1995) (approving reasonable costs in class action settlement); and *Kim*, 2012 WL 5948951, at *8 (approving reasonable costs in class action settlement in which class members only received injunctive relief).

Class counsel seeks reimbursement of $6,280.16 in out-of-pocket litigation expenses.  (Adler Decl., ¶22 & Exhibit A (seeking $3,750.00); and Keegan Decl., ¶10 & Exhibit A (seeking $2,530.16).

A component of these expenses was incurred in connection with the retention of consulting computer experts, and Justice Howard B. Wiener (Ret.), who mediated the successful resolution of this action.  (Keegan Decl., ¶10; and Adler Decl., ¶22-23). Likewise, in *Kim*, counsel requested reimbursement for expert and mediator expenses, which were granted.  *Kim*, 2012 WL 5948951, at *8.  The categories of additional expenses for which Class Counsel seek reimbursement here are the type of expenses routinely charged to hourly clients and, therefore, should be reimbursed.  *See*, *e.g.*

*Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) ("Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client'") (citation omitted). Accordingly, Class Counsel respectfully requests that the Court approve their request for reimbursement of cost and expenses in the total amount of $6,280.16.

**B.     The Requested Award For The Named Plaintiff Is Reasonable Either As Damages Or An Incentive Award And Merits Approval.**

Numerous courts have recognized that representative plaintiffs are entitled to receive appropriate reimbursement for their efforts on behalf a class from the common fund. *See, e.g. Van Vranken v. Altantic Richfield Co.*, 901 F.Supp. 294, 299 (N.D. Cal. 1995) (awarding $50,000 to class representative); and *Cook v. Niedert*, 142 F.3d 1004, 1016 (9th Cir. 1998) (upholding $25,000 incentive payment). "Such service awards are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff." *deMunecas v. Bold Food, LLC,* 2010 WL 3322580, *10 (S.D.N.Y. Aug. 23, 2010); *see also*, *Manual for Complex Litigation*, Second §§ 30.41 & n. 86, 30.42 (1985) (recognizing the propriety of such payments).

Courts evaluate such incentive awards using relevant factors, including "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, ... [and] the amount of time and effort the

- 9 -

plaintiff expended in pursuing the litigation." *Kim v. Space Pencil, Inc.*, C 11-03796 LB, 2012 WL 5948951, at *9 (N.D. Cal. Nov. 28, 2012) (citing *Staton,* 327 F.3d at 977). "Such awards are discretionary ... and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id.* (citing *Rodriguez v. West Publishing Corp.,* 563 F.3d 948, 958-59 (9th Cir.2009)).

Here, the Settlement Agreement provides for payment of an "incentive award and/or damages to plaintiff Wade Grant, in the amount of $5,000." *Id.* (citing Exh. A, Settlement Agreement, §3)." In approving similar settlements providing injunctive relief solely for the Class members, other courts have awarded damages or incentive awards to the named plaintiffs. *See Goldkorn v. County of San Bernardino*, EDCV 06-707-VAP (OPx), 2012 WL 476279, at *6-7 (awarding *damages* to the named plaintiffs while granting final approval of settlement agreement under which class members only received injunctive relief); and *Kim*, 2012 WL 5948951, at *9 (awarding an *incentive payment* to the named plaintiffs while granting final approval of settlement agreement under which class members only received injunctive relief).

In *Kim*, the court granted incentive awards to the named plaintiffs, noting that their case, like the instant action, "ultimately resulted in injunctive relief intended to halt invasive business practices affecting at least tens of thousands of class members." *Kim*, 2012 WL 5948951, at *9. Furthermore, *Kim* held, like here, that "[w]hile it is difficult

to gauge the monetary value of this injunctive relief, the modest incentive awards requested seem appropriate given the number of individuals affected." *Id*. (citing *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir.2000) (approving $5,000 to two plaintiff representatives of 5,400 potential class members); *Hopson v. Hanesbrands, Inc.*, No. No. CV–08–0844 EDL, 2009 WL 928133, at *10 (N.D.Cal. Apr.3, 2009) (approving $5,000 award to one member of 217 member class); *Glass v. UBS Fin. Servs.*, No. C–06–4068 MMC, 2007 WL 221862, at * 16–17 (N.D.Cal. Jan.26, 2007) (approving $25,000 award to each of four plaintiff representatives of 13,176 member class).

Moreover, the amount of the incentive award requested, $5,000, is well within the range awarded in similar cases. *See Smith v. CRST Van Expedited, Inc.*, 10-CV-1116-IEG (WMC), 2013 WL 163293, at *6 (S.D. Cal. Jan. 4, 2013) (awarding a $15,000 incentive award and citing incentive awards approved in other cases in the amounts of $25,000, $18,500, and $50,000).

Here, Plaintiff spent significant time and provided invaluable assistance to counsel and the Settlement Class in this case.  The assistance the Plaintiff provided counsel included producing documents supporting his claims, reviewing, for factual accuracy, all major pleadings filed with the Court, providing the factual background for the complaint filed in this case, meeting with counsel on matters such as progress of the case and settlement, reviewing documents, clarifying dates, reviewing CMS' discovery responses and document production, confirming the truthfulness of claims his counsel

- 11 -

Memorandum of Points & Authorities

asserted, and offering input into the defenses alleged by CMS. (Frantz Decl., ¶14; and Grant Decl., ¶3). As a result, Plaintiff expended over 75 hours directly related to the representation of the Settlement Class. (Grant Decl., ¶3).

Plaintiff's requested award is also reasonable under *Goldkorn*. In *Goldkorn*, the court awarded the named plaintiffs $80,000 in damages holding that the amount appeared reasonable to compensate the named plaintiffs' claims under the ADA and related statutes given the alleged individual harms each plaintiff experienced. *Goldkorn*, 2012 WL 476279, at *7. Here, the amount of $5,000.00 payment to Plaintiff is likewise reasonable to compensate Plaintiff's claims under the TCPA and related statutes given the alleged individual harms the Plaintiff experienced. (ECF No. 1 at 7-8, Complaint at ¶6; and Grant Decl., ¶¶3, 5).

Accordingly, an award of $5,000 to Plaintiff reflecting reasonable reimbursement of the time that he has spent participating in the litigation, as well as his individual statutory damages in this matter, should be ordered for his contributions to the Class.

## IV. CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that the Court grant this motion, and order and enter Judgment for (1) an award of attorneys' fees of <u>and</u> costs in the total amount of $475,000.00, and for (2) a damages and/or an incentive award of $5,000.00 to the named Plaintiff.

Dated: January 20, 2014

ADLER LAW GROUP, APLC

By  */s/ Elliot Adler*
E. Elliot Adler
Attorney for Plaintiff
WADE GRANT and the Class