1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14
15
16

| | |
|---|---|
| WADE GRANT, on behalf of himself, all other persons similarly situated and the general public, | CASE NO. 10-cv-2471-WQH (BGS) |
| Plaintiff, | ORDER |
| vs. | |
| CAPITAL MANAGEMENT SERVICES, L.P., | |
| Defendant. | |

HAYES, Judge:

17

The matters before the Court are the Joint Motion for Final Approval of Class

18
19
20
21

Action Settlement ("Final Approval Motion") (ECF No. 118) and the unopposed

Motion for Approval of an Award of Attorneys' Fees and Costs to Class Counsel and

an Incentive Award to the Class Representative Plaintiff ("Motion for Attorneys' Fees")

(ECF No. 119) filed by Plaintiff Wade Grant.

22

## BACKGROUND

23
24

On September 17, 2010, Plaintiff initiated this action by filing a complaint in the

25
26

Superior Court of California for the County of San Diego. (ECF No. 1 at 1). Plaintiff

brings the complaint on behalf of himself and "all other[] similarly situated

27

[individuals] defined as all persons within California who received any telephone call

28

from Defendant to said person's cellular telephone through the use of any automated

telephone dialing system or an artificial or prerecorded voice, within the four years prior

1  to filing of this Complaint." *Id.* at 8.  The complaint asserts three claims: (1) negligent

2  violations of the Telephone Consumer Protection Act ("TCPA"); (2) knowing and/or

3  willful violations of the TCPA; and (3) unlawful, fraudulent, and unfair business acts

4  and practices in violation of California Business & Professions Code. *Id.* at 6–8.

5        On November 20, 2012, Plaintiff filed a motion for class certification. (ECF No.

6  71).  Subsequently, the parties agreed to stay the case and participate in mediation in

7  an attempt to resolve the case.  On June 11, 2013, the parties participated in mediation

8  with the Hon. Howard Wiener (Ret.).  During the mediation, the parties reached a

9  settlement agreement.

10        On August 15, 2013, the parties filed the Joint Motion for Approval of Class

11  Action Settlement ("Preliminary Approval Motion").  (ECF No. 111).  On December

12  5, 2013, the Court held a hearing on the Preliminary Approval Motion in open court.

13  (ECF No. 116).   On December 11, 2013, the Court issued an Order that (1)

14  preliminarily approved the settlement agreement; (2) provisionally certified the class;

15  (3) conditionally certified Plaintiff Wade Grant as Class Representative; and (4)

16  appointed Frantz Law Group, APLC, Adler Law Group, APLC, and Keegan & Baker,

17  LLP as class counsel.  (ECF No. 117).

18        On January 20, 2014, the Final Approval Motion was filed by the parties.  (ECF

19  No. 118).

20        On January 20, the unopposed Motion for Attorneys' Fees was filed by Plaintiff.

21  (ECF No. 119).  On January 23, 2014, Plaintiff filed a supplemental document in

22  support of the Motion for Attorneys' Fees.  (ECF No. 120).

23        On January 27, 2014, a Declaration of Andrew M. Steinheimer in Support of the

24  Final Approval of Class Action Settlement was filed by Defendant.  (ECF No. 121).

25                **TERMS OF THE PROPOSED SETTLEMENT**

26      The proposed settlement class consists of "[a]ll persons within California who

27  received any telephone call from Defendant to said person's cellular telephone through

28  the use of any automatic dialing system or an artificial or prerecorded voice, within the

1   four years prior to the filing of this Complaint." (ECF No. 111-3 at 2).

2   <u>Class Benefits</u>

3        Defendant agrees to a stipulated injunction for a period of 3 years. The terms of

4   the injunction are:

5        A.   Defendant shall employ a cell phone identification program or
        service containing a wireless block identifier (i.e., database of numbers
6        assigned to wireless devices) to enable Defendant to identify cell phone
        numbers to distinguish them from land [lines].

7
        B.   Defendant agrees to refrain from placing calls using pre-recorded
8        and/or artificial messages to numbers identified as cell phones, unless
        Defendant has a good faith belief that it possesses prior express consent
9        to call the cell phone number from its client or direct consent from the
        debtor.
10
    (ECF No. 111-3 at 3 (citing Exh. A, Settlement Agreement, §§ 2(A)–2(B))). During the
11
    injunction period, Defendant also agrees to provide a declaration under the penalty of
12
    perjury to Class Counsel on a bi-yearly basis (every six months) confirming that
13
    Defendant is complying with the injunction. (ECF No. 111-3 at 3 (citing Exh. A,
14
    Settlement Agreement, § 2(C))).
15
    <u>Class Notice</u>
16
        "As the class settlement provides for injunctive relief only and requires no release
17
    of rights by any class member, the Parties agree that no notice will be sent to any class
18
    member." *Id.* at 2 (citing Exh. A, Settlement Agreement, §1).
19
    <u>Attorneys' Fees and Costs</u>
20
        Defendant agrees to pay "Plaintiff's attorneys' fees and costs, in the amount of
21
    $475,000." *Id.* at 3 (citing Exh. A, Settlement Agreement, §3).
22
    <u>Incentive Award to Class Representative</u>
23
        Defendant agrees to pay an "incentive payment and/or damages to plaintiff Wade
24
    Grant, in the amount of $5,000." *Id.* (citing Exh. A, Settlement Agreement, §3).
25
                              **DISCUSSION**
26
    **I.   Class Certification**
27
        Plaintiff seeks certification of a settlement class under Federal Rule of Civil
28
    Procedure 23(b)(2). "A plaintiff seeking class certification must affirmatively

                              - 3 -                          10cv2471 WQH-BGS

1  demonstrate that it meets the four requirements of Rule 23(a) and at least one of the

2  requirements of Rule 23(b).  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613–14

3  (1997).  Rule 23(a) outlines four requirements: numerosity, commonality, typicality,

4  and adequacy of representation.  Fed. R. Civ. P. 23(a).  "In addition to these

5  prerequisites, a plaintiff must satisfy one of the prongs of 23(b) in order to maintain a

6  class action."  *Goldkorn v. County of San Bernardino*, EDCV 06-707-VAP (OPx), 2012

7  WL 476279, at *4 (C.D. Cal. Feb. 13, 2012).  "Where . . . a plaintiff moves for class

8  certification under Rule 23(b)(2), the plaintiff must prove [that] the party opposing the

9  class has acted or refused to act on grounds that apply generally to the class, so that

10  final injunctive relief or corresponding declaratory relief is appropriate respecting the

11  class as a whole."  *Id.*; Fed. R. Civ. P. 23(b)(2).  In this case, the Court previously

12  preliminarily certified the proposed settlement class. (ECF No. 117 at 4 - 7).  At that

13  time, the Court concluded that the proposed class satisfied the numerosity,

14  commonality, typicality, and adequacy of representation requirements of Rule 23(a).

15  *Id.*  The Court also found that the proposed class satisfied the requirements of Rule

16  23(b)(2).  No party or class member has objected to the certification of the settlement

17  class.  The Court reaffirms its prior certification of the class for purposes of settlement.

18  **II.     Fairness of the Settlement**

19         Courts require a higher standard of fairness when a settlement takes place prior

20  to formal class certification to ensure class counsel and Defendant have not colluded

21  in settling the case.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

22  Ultimately, "[t]he court's intrusion upon what is otherwise a private consensual

23  agreement negotiated between the parties to a lawsuit must be limited to the extent

24  necessary to reach a reasoned judgment that the agreement is not the product of fraud

25  or overreaching by, or collusion between, the negotiating parties, and that the

26  settlement, taken as a whole, is fair, reasonable and adequate to all concerned."  *Officers*

27  *for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  "The question

28  [the Court] address[es] is not whether the final product could be prettier, smarter or

1  snazzier, but whether it is fair, adequate and free from collusion." *Hanlon*, 150 F.3d at

2  1027.

3      Courts consider several factors when determining whether a proposed

4  "settlement, taken as a whole, is fair, reasonable and adequate to all concerned."

5  *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (*quoting Hanlon*,

6  150 F.3d at 1027).  These factors may include one or more of the following: (1) the

7  strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of

8  further litigation; (3) the risk of maintaining class action status throughout the trial; (4)

9  the amount offered in settlement; (5) the extent of discovery completed and the stage

10  of the proceedings; (6) the experience and views of counsel; (7) the presence of a

11  governmental participant; and (8) the reaction of class members to the proposed

12  settlement. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998); *see*

13  *also Torrisi v. Tucson Elec. Power Co.*, 8 F. 3d 1370, 1376 (9th Cir. 1993) (holding that

14  only one factor was necessary to demonstrate that the district court was acting within

15  its discretion in approving the settlement).

16      **A.      The strength of Plaintiff's case, the risk, complexity, and likely**

17          **duration of further litigation, and the risk of maintaining class action**

18          **status throughout trial**

19      To determine whether the proposed settlement is fair, reasonable, and adequate,

20  the Court must balance against the risks of continued litigation (including the strengths

21  and weaknesses of Plaintiff's case), the benefits afforded to members of the Class, and

22  the immediacy and certainty of a substantial recovery.  *In re Mego Fin. Corp. Sec.*

23  *Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).

24      The court shall consider the vagaries of the litigation and compare the
       significance of immediate recovery by way of the compromise to the mere
25      possibility of relief in the future, after protracted and expensive litigation.
       In this respect, "It has been held proper to take the bird in hand instead of
26      a prospective flock in the bush."

27  *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal.

28  2004).

1    The parties assert that the settlement is fair, reasonable, and adequate in light of

2  the risk, expense, complexity, and likely duration of further litigation if the case were

3  to proceed to trial.  (ECF No 118 at 11-13).  Specifically, Class Counsel and Plaintiff

4  "believe[] the claims asserted in this litigation have merit and that the evidence

5  developed to date supports the claims asserted....  However, Class Counsel recognize

6  and acknowledge the uncertainty of prevailing on their claims due to the defenses that

7  have been or could have been asserted by [Defendant] were the litigation to go

8  forward." *Id*. at 12-13 (citing Declaration of James P. Frantz, ¶¶ 8-10; Declaration of

9  E. Elliot Adler, ¶ 15; Declaration of Patrick N. Keegan, ¶ 6).  The parties assert that

10  "[a]bsent the settlement, [Defendant] would present defenses [that] could pose a serious

11  threat to Plaintiff's claims, as well as create uncertainty as to the appropriateness of

12  class certification." *Id*.  The scope and detail of the injunctive relief agreed upon in the

13  settlement would also be at risk if the case proceeded to trial.  *Id*.  The parties have also

14  taken into account the complexity of the case, and the fact that "a trial would require

15  substantial documentary evidence and expert testimony."  *Id*.  Given these risks, the

16  Court agrees that the actual recovery through settlement confers substantial benefits on

17  the class that outweigh potential recovery through full adjudication.

18    **B.    The amount offered in settlement**

19    The Settlement Agreement provides solely injunctive relief for the Class

20  members, and thus, the only monetary amounts offered in the settlement are for

21  "Plaintiff's attorneys' fees and costs, in the amount of $475,000..." (ECF No. 111-3 at

22  3 (citing Exh. A, Settlement Agreement § 3)), and an "incentive award and/or damages

23  to plaintiff Wade Grant, in the amount of $5,000."  *Id*. (citing Exh. A, Settlement

24  Agreement § 3).  While this settlement does not include monetary relief for the Class,

25  it stops the allegedly unlawful practices, bars Defendant from similar practices in the

26  future, and does not prevent class members from seeking legal recourse.  Other courts

27  have approved similar settlements providing solely injunctive relief, attorneys' fees,

28  costs, and damages to named plaintiffs.  *See Goldkorn v. Cnty of San Bernardino*,

1  EDCV 06-707-VAP (OPx), 2012 WL 476279, at *6-7 (C.D. Cal. Feb. 13, 2012); *In re*
2  *Lifelock, Inc. Mktg and Sales Practices Litig.*, No. 08-1977-MHM, 2010 WL 3715138
3  (D. Ariz. Aug. 31, 2010); *Kim v. Space Pencil, Inc.*, No. 11-03796 LB, 2012 WL
4  5948951, at *10 (N.D. Cal. Nov. 28, 2012).  This factor weighs in favor of granting
5  final approval.

6  **C.     The extent of discovery completed and the stage of the proceedings**

7          This factor requires that the Court evaluate whether "the parties have sufficient
8  information to make an informed decision about settlement." *Linney v. Cellular Alaska*
9  *P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998).  As long as the parties have sufficient
10 information, "formal discovery is not a necessary ticket to the bargaining table." *Id.* at
11 241.  Here, the parties have engaged in extensive discovery, both formal and informal,
12 and negotiation leading up to this agreement. (ECF No. 118 at 14).  "Written discovery
13 was conducted, experts hired and consulted, and the Plaintiff's claims were extensively
14 research[ed] and briefed in response to [Defendant's] motions, in preparation of the
15 Complaint and during the mediation process."  *Id.* (citing Frantz Decl. ¶¶ 8 - 9).  In
16 addition to conducting discovery, the parties have engaged in extensive mediation and
17 settlement negotiations with the assistance of Hon. Howard Wiener (Ret.).  *Id.* at 11).
18 The case was filed in San Diego Superior Court in September of 2010, and the parties
19 reached a tentative settlement on June 11, 2013.  The parties' extensive investigation,
20 discovery, and subsequent settlement discussions during that time weigh heavily in
21 favor of granting final approval.

22 **D.     The experience and views of counsel**

23         Counsel who represented the Class included experienced attorneys at Frantz Law
24 Group, APLC, Adler Law Group, APLC, and Keegan & Baker, LLP.  The attorneys
25 have "significant experience in both the substance of TCPA claims as well as the
26 procedures for class actions." (ECF No. 118 at 16 (citing Frantz. Decl. ¶¶ 4-5; Keegan
27 Decl. ¶¶11-13; and Adler Decl. ¶18)).  "Parties represented by competent counsel are
28 better positioned than courts to produce a settlement that fairly reflects each party's

1  outcome in litigation." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 697 (9th Cir.

2  2009).  Plaintiffs' attorneys are well qualified to conduct this litigation and to assess its

3  settlement value.  The Court finds that the Class has been fairly and adequately

4  represented during settlement negotiations.

5         **E.**    **Absence of collusion in the settlement process**

6         In addition to the above considerations, the Court has an obligation to "satisfy

7  itself that the settlement was not the product of collusion."  *Browning v. Yahoo! Inc.*,

8  No. 04CV01463(HRL), 2007 WL 4896699, at *38 (N.D. Cal. Nov. 16, 2007).  In this

9  case, the settlement is the product of extensive negotiations conducted at arm's length

10  among counsel, and mediation with assistance of Hon. Howard Wiener (Ret.).  (ECF

11  No. 118 at 14-17).  Participation of a mediator is not dispositive, but "is a factor

12  weighing in favor of a finding of non-collusiveness."  *In re Bluetooth Headset Prod.*

13  *Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011); *Amunrud v. Sprint Commc'ns Co.*, 2012

14  WL 443751, at *10 (D. Mont. Feb. 10, 2012) (finding absence of signs of collusion

15  based, in part, on mediator's participation); *In re HP Laser Printer Litig.*, 2011 WL

16  3861703, at *12-13 (C.D. Cal. Aug. 31, 2011) (same).  This case has been contested

17  since September of 2010, and Class Counsel has demonstrated that they were fully

18  prepared to litigate this case through final judgment.  The Court is satisfied that the

19  settlement process did not involve collusion.

20         The Court finds that the settlement is fundamentally "fair, adequate and

21  reasonable" under Rule 23(e), and that no evidence of collusion exists.  The Court

22  grants the Final Approval Motion.  (ECF No. 118).

23  **III.**    **Attorneys' Fees, Costs, and Incentive Award**

24         The parties have agreed upon an award of $475,000.00 in attorneys' fees and

25  costs, and a $5,000.00 incentive award to the named Plaintiff Wade Grant.  (ECF No.

26  119 at 4).

27         Rule 23(h) of the Federal Rules of Civil Procedure provides that, "[i]n a certified

28  class action, the court may award reasonable attorneys' fees and nontaxable costs that

1  are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "In

2  employment, civil rights and other injunctive relief class actions, courts often use a

3  lodestar calculation because there is no other way to gauge the net value of the

4  settlement or any percentage thereof." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029

5  (9th Cir. 1998); and *Kim*, 2012 WL 5948951, at *7 (awarding attorneys' fees using the

6  lodestar method in injunctive relief class action).

7         "The lodestar figure is calculated by multiplying the number of hours the

8  prevailing party reasonably expended on the litigation (as supported by adequate

9  documentation) by a reasonable hourly rate for the region and for the experience of the

10  lawyer." *In re Bluetooth*, 654 F.3d at 942; *see also Goldkorn*, 2012 WL 476279, at *9

11  (approving an award of attorneys' fees in a settlement granting injunctive and

12  declaratory relief to the class without providing for a monetary award to the class).

13  After computing the lodestar figure, the district court may then adjust the figure upward

14  or downward to account for several factors including the quality of representation, the

15  benefit obtained for the class, the complexity and novelty of the issues presented, and

16  the risk of nonpayment. *Hanlon*, 150 F.3d at 1029; *Kerr v. Screen Extras Guild, Inc.*,

17  536 F.2d 67, 70 (9th Cir. 1975). "The customary range for multipliers is between 1.0

18  and 4.0." *Kim*, 2012 WL 5948951, at * 7 (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d

19  1043, 1051 n. 6 (9th Cir. 2002). In *Kim v. Space Pencil, Inc.*, the court awarded a 1.18

20  multiplier of plaintiffs' counsel's lodestar, holding that:

21         The determinative factor, however, is the benefit to the class. Here, the
         settlement prevents Defendant from engaging in the conduct that was the
22         subject of the suit and does not bind the class members. This unmitigated
         benefit to the class justifies the requested fee award and multiplier."
23
*Kim*, 2012 WL 5948951, at *7.
24
         The hours expended and the rate should be supported by adequate documentation
25
and other evidence; thus, attorneys working on the cases where a lodestar may be
26
employed should keep records and time sheets documenting their work and time spent.
27
*Hensley v. Eckerhart*, 461 U.S. 424 (1983). But as the Supreme Court noted, trial
28
courts may use "rough" estimations, so long as they apply the correct standard. *Fox v.*

1   *Vice*, __ U.S. __, __, 131 S. Ct. 2205, 2216 (2011).

2   The Court applies the lodestar method to calculate and evaluate attorneys' fees.

3   Plaintiff provides the Court with declarations from James P. Frantz, E. Elliot Adler, and

4   Patrick N. Keegan in support of the Motion for Attorneys' Fees.  (*See* ECF Nos. 118-3;

5   118-7, 118-9).  Class Counsel calculated their lodestar using current hourly billing rates

6   for the attorneys who worked on this case: $875.00 for James P. Frantz of Frantz Law

7   Group, APLC; $395.00 for associates at Frantz Law Group, APLC; $150.00 for

8   paralegal and legal assistants at Frantz Law Group, APLC; $525.00 for E. Elliot Adler

9   of Adler Law Group, APLC; $695.00 for Patrick N. Keegan of Keegan & Baker, LLP;

10  and $245.00 for associate Lisa Magorien of Keegan & Baker, LLP.  (ECF Nos. 118-3

11  at 4; 118-7 at 7-8; 118-9 at 7-8).  Plaintiffs assert that the requested rates are reasonable

12  because they are "fully supported by their experience and reputation in handling

13  complex litigation, and are commensurate with the prevailing market rates in the San

14  Diego Areas for attorneys of comparable experience and skill handling complex

15  litigation."  (ECF No. 119 at 7).  The Court finds that the hourly rates charged are

16  reasonable.

17  Class Counsel contends that their aggregate lodestar is approximately

18  $594,300.00 at the time the Motion for Attorneys' Fees was filed.  *Id*. at 6.  Class

19  Counsel have met their burden "to submit[] evidence supporting the hours worked and

20  the rates claimed" by providing their declarations, which list the hours worked by each

21  individual at each firm and by identifying the general subject matter of those

22  individuals' time expenditures. *Goldkorn*, 2012 WL 476279, at *9.  According to the

23  declarations, Frantz Law Group, APLC has expended 488.4 attorney hours for a total

24  of $266,305.87.  (ECF No. 118-7 at 8).  Adler Law Group, APLC has expended 409.30

25  attorney hours for a total of $214,882.50.  (ECF No. 118-9 at 7-8).  Keegan & Baker,

26  LLP has expended 166.15 hours by Keegan and 5.25 hours by Magorien, for a total of

27  $113,111.75. (ECF No. 118-3 at 4).  Class Counsel's aggregate lodestar of $594,300.00

28  includes time billed for:

1

2

3

4

        ... drafting pleadings, motions, discovery, and settlement documentation, reviewing documents and researching legal authorities, preparation for and anticipation at meetings, court appearances, and mediation sessions (including time spent analyzing and computing class data, researching and drafting the mediation brief, and attending mediation sessions), and communications (telephone conference, correspondence, meetings, e-mails, etc.) with Plaintiff, experts, witnesses, [Defendant's] attorneys and the Court's clerk.

5

6

7

(ECF No. 119 at 6-7). The declarations provide a sufficient showing of the hours counsel performed on this case.

8

9

10

11

12

13

14

        As previously noted, courts may enhance the lodestar figure with a multiplier. However, the parties in this case do not request a multiplier. *Id*. at 6. Instead, the requested fee of $468,719.84 is "merely approximately eighty percent (80%) of their aggregate lodestar" of $594,300.00. *Id*. at 7. Class Counsel also requests reimbursement of $6,280.16 in reasonable out-of-pocket litigation expenses. *Id*. at 8. Class Counsel seeks a total award of attorneys' fees and costs in the amount of $475,000.00. The Court approves this request.

## IV.   Class Representative Award

15

16

17

18

19

20

21

22

23

24

25

        In assessing the reasonableness of an incentive award, several district courts in the Ninth Circuit have applied the five-factor test set forth in *Van Vranken v. Atl. Richfiend Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995), which analyzes (1) risk to the class representative in commencing a class action, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *Shames v. Hertz Corp.*, No. 07-CV-2174-MMA (WMC), 2012 WL 5392159 at *21 (S.D. Cal. Nov. 5, 2012) (citing *Carter v. Anderson Merchs., LP*, No. EDCV 08-0025-VAP(OPx), 2010 WL 1946784 (C.D. Cal. May 11, 2010)).

26

27

28

        Class Representative Wade Grant requests a $5,000.00 incentive payment to compensate him for his services as court appointed Class Representative. (Grant Decl., ECF No. 118-11). The parties have agreed to the Class Representative's award as reasonable because Grant "spent significant time and provided invaluable assistance to

1   counsel and the Settlement in this case." (ECF No. 119 at 11). Grant assisted Class

2   Counsel by

> producing documents supporting his claims, reviewing, for factual
> accuracy, all major pleadings filed with the Court, providing factual
> background for the complaint filed in this case, meeting with counsel on
> matters such as progress of the case and settlement, reviewing documents,
> clarifying dates, reviewing [Defendant's] discovery responses and
> document production, confirming the truthfulness of claims his counsel
> asserted, and offering input into the defenses alleged by [Defendant].

7   *Id*. at 11-12. Class Counsel asserts that Grant expended over 75 hours directly related

8   to the representation of the Settlement Class. *Id*. at 12 (citing Grant Decl. ¶ 3, ECF No.

9   118-11). The Court finds that the $5,000 incentive award is within the acceptable range

10  of approval, and does not appear to be the result of collusion. *See, e.g., Morey v. Louis

11  *Vuitton North America,* Inc., No. 11cv1517, 2014WL109194, at *11 (S.D. Cal. Jan. 9,

12  2014) (approving a $5,000 award to a class representative); *Villegas v. J.P. Morgan

13  *Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *7 (N.D. Cal. Nov.

14  21, 2012) ("[T]he settlement provides for an incentive award to the Plaintiff in the

15  amount of $10,000. In this District, a $5,000 incentive award is presumptively

16  reasonable."); *Williams v. Costco Wholesale Corp.*, No. 02cv2003 IEG (AJB), 2012 WL

17  2721452, at *7 (S.D. Cal. Jul. 7, 2010) (approving a $5,000 award to a class

18  representative in an antitrust case settling for $440,000). The Court approves the

19  $5,000.00 incentive award for Plaintiff Wade Grant.

## CONCLUSION

21      IT IS HEREBY ORDERED as follows:

22      1.      The Settlement Agreement is hereby incorporated by reference into this

23  Order as if explicitly set forth herein and shall have the full force of an Order of this

24  Court.

25      2.      The Court has jurisdiction over the subject matter of this litigation, the

26  parties, and all persons within the Class.

27      3.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and the

28  Preliminary Approval Order, for the purposes of settling the claims against Defendant

1  in accordance with the Settlement Agreement, the following persons are members of

2  the Class: all persons within California who received any telephone call from Defendant

3  to said person's cellular telephone through the use of any automatic dialing system or

4  an artificial or prerecorded voice, within the four years prior to the filing of Plaintiff's

5  Complaint on September 17, 2010, or September 17, 2006.

6       4.    The Court finds that Plaintiff and Class Counsel fairly and adequately

7  represented the interests of Class members in connection with the settlement set forth

8  in the Settlement Agreement.

9       5.    The Court finds the settlement, providing injunctive relief only and

10  requiring no release of rights by any Class member, set forth in the Settlement

11  Agreement is in all respects fair, adequate, reasonable, proper, and in the best interests

12  of the Class, and is hereby approved.

13       6.    The Joint Motion for Final Approval of Class Action Settlement (ECF No.

14  118) is GRANTED.  The settlement is approved and found to be, in all respects, fair,

15  reasonable, adequate and in the best interests of the Class pursuant to Rule 23(e) of the

16  Federal Rules of Civil Procedure.  Specifically, the Court finds that final approval of

17  the settlement is warranted in light of the following factors:

18            i.    The strength of Plaintiff's case;

19            ii.    The risk, expense, complexity, and likely duration of further

20                litigation;

21            iii.    The risk of maintaining class action status throughout trial;

22            iv.    The amount offered in settlement;

23            v.    The extent of discovery completed and the stage of the proceedings;

24                and

25            vi.    The experience and views of counsel.

26  *Chuirchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575-76 (9th Cir. 2004) (citing

27  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  The Court further finds

28  that the settlement is the product of good faith negotiations at arm's-length, conducted

1   with the assistance and under the supervision of an experienced and independent

2   mediator, the Honorable Howard B. Wiener (Ret.), after thorough factual and legal

3   investigation, and is not the product of fraud or collusion.  *See Officers for Justice v.*

4   *Civil Serv. Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th

5   Cir. 1982).  The parties are directed to consummate the Settlement Agreement in

6   accordance with its terms.

7        7.     Defendant is ordered to comply with the following injunction for a period

8   of three years from the date of this order: (a) Defendant shall employ a cell phone

9   identification program or service containing a wireless block identifier (i.e., database

10   of numbers assigned to wireless devices) to enable Defendant to identify cell phone

11   numbers and to distinguish them from land lines; (b) Defendant shall refrain from

12   placing calls using pre-recorded and/or artificial messages to numbers identified as cell

13   phones, unless Defendant has a good faith belief that it possesses prior express consent

14   to call the cell phone number from its client or direct consent from the debtor; and (c)

15   Defendant shall provide a declaration under penalty of perjury to Class Counsel on a

16   bi-yearly basis (every six months) confirming that Defendant is complying with this

17   injunction.

18        8.     The unopposed Motion for Attorneys' Fees & Costs, and Incentive Award

19   to Class Representative (ECF No. 119) is GRANTED.  The Court hereby awards and

20   orders Defendant to pay Class Counsel $475,000.00 in total for attorneys' fees and costs

21   payable to Elliot Adler of the ADLER LAW GROUP, APLC, James P. Frantz of

22   FRANTZ LAW GROUP, APLC, and Patrick N. Keegan of KEEGAN & BAKER, LLP.

23   The Court finds that the amount of fees and costs awarded is fair and reasonable.  The

24   Court hereby further awards and orders Defendant to pay an amount of $5,000.00 to

25   Plaintiff Wade Grant.  These awarded amounts are immediately due and payable.

26        9.     The Court finds that during the course of the litigation, the parties and their

27   respective counsel at all times complied with the requirements of Rule 11 of the Federal

28   Rules of Civil Procedure.

1    10.    This litigation is DISMISSED with prejudice and, except as provided

2 herein or in the Settlement Agreement, without costs.  The Court finds that there is no

3 just reason for delay and expressly directs entry of Judgement.

4    11.    The parties shall submit a proposed judgment for signature by the Court.

5 DATED:  March 5, 2014

6

*William Q. Hayes*

**WILLIAM Q. HAYES**

7 United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28